**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case No. 3:15-CR-412-M |
| VEROD WOODARD, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is a Motion to Dismiss the Indictment [Docket Entry #23] filed by Defendant Verod Woodard. The Indictment in this case charges Defendant with two counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts One and Three), two counts of using, carrying, and brandishing a firearm during and in relation to those "crimes of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Two and Four), and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). *See* Indictment [Docket Entry #1] at 1-4. Defendant moves to dismiss Counts One and Three of the Indictment on grounds that (1) these counts fail to allege all the necessary elements of federal carjacking, or (2) the federal carjacking statute is unconstitutional. Defendant further moves to dismiss Counts Two and Four of the Indictment on the ground that federal carjacking is not a "crime of violence" after the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, Defendant's Motion is DENIED.

The Motion is denied as to Counts One and Three because, as Defendant acknowledges, his arguments are foreclosed by Fifth Circuit precedent recognizing the federal carjacking statute as a valid exercise of congressional authority under the commerce clause. *See United States v. Coleman*, 78 F.3d 154, 158 (5th Cir. 1996).

The Motion is denied as to Counts Two and Four because carjacking, as alleged in the Indictment, constitutes a crime of violence under of 18 U.S.C. § 924(c)(3)(A). Section 924(c)(3) provides additional periods of imprisonment when a defendant uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of a "crime of violence." For purposes of the statute, a crime of violence means an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Defendant challenges the second prong, or so-called "residual clause," of § 924(c)(3) as unconstitutional in view of the Supreme Court's ruling in *Johnson*.

In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The ACCA's residual clause is part of the statute's definition of "violent felony," which includes "any crime punishable by imprisonment for a term exceeding one year ... that … is burglary, arson, extortion, involves use of explosives*, or otherwise involves conduct that presents a serious potential risk of physical injury to anothe*r." 18 U.S.C. § 924(e)(2)(B). Defendant argues that the residual clause of Section 924(c)(3) is likewise unconstitutionally vague. Def. Mot. at 4, 6.

In this case, however, the residual clause of Section 924(c)(3) is not at issue. Rather, Defendant is charged under the first prong, or "force clause," with a felony offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. *See* 18 U.S.C. § 924(c)(3)(A). Defendant is charged with carjacking under 18 U.S.C. § 2119, which prohibits the taking of a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another "by force and violence

2

or by intimidation." Specifically, the Indictment alleges that, on or about May 15, 2015, Defendant brandished a pistol during the carjacking of a 2006 Chrysler Sebring sedan from a person, by force and violence and by intimidation. *See* Counts I & II, Indictment [Docket Entry #1] at 1, 2. The Indictment further alleges that, on or about May 16, 2015, Defendant brandished a pistol during the carjacking of a 2007 Ford F-250 from a person, by force and violence and by intimidation. *See* Counts III & IV, Indictment [Docket Entry #1] at 3, 4. Carjacking, as alleged in the Indictment, has as an element the threatened use of physical force against the person of another, and thus constitutes a crime of violence, as that term is defined in 18 U.S.C. § 924(c)(3)(A). *See United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) (holding the term "crime of violence" as defined by § 924(c)(3) clearly includes carjacking, in that "tak[ing] or attempt[ing] to take by force and violence or by intimidation," as used in 18 U.S.C. § 2119, encompasses "the use, attempted use, or threatened use of physical force," as used in 18 U.S.C. § 924(c)(3)(A)); *see also United States v. Singleton*, 16 F.3d 1419, 1423 (5th Cir. 1994) ("Carjacking is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)."). The Supreme Court's ruling in *Johnson* does not affect the constitutionality of Section 924(c)(3)(A).

To the extent Defendant argues that carjacking is not a crime of violence under Section 924(c)(3)(A) because carjacking could conceivably be committed without the use of force or threatened force, that argument is inapposite in view of the crimes charged in the Indictment. The Indictment alleges that Defendant brandished a pistol during each of the two carjackings charged. Such conduct encompasses the threatened use of physical force.

Defendant's Motion to Dismiss the Indictment is DENIED.

**SO ORDERED**.

May 2, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE